UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCHUH HAULING, INC.,

        Plaintiff,

  v.                                                Case No. 05-C-0268

LAND O' LAKES, INC.,

        Defendant.

**ORDER**

      This breach-of-contract action, having been removed from the Outagamie County Circuit Court by Defendant Land O' Lakes, Inc., is before this court on diversity jurisdiction. 28 U.S.C. § 1332. Plaintiff Schuh Hauling, Inc., has moved for leave to file an amended complaint naming Northwest Food Products Transportation, LLC, as an additional defendant. Schuh alleges in its amended complaint that "subsequent to October 30, 1995, and prior to September 23, 2004, Land O' Lakes assigned all or a portion of its rights, duties, and obligations under the contract [between Schuh and Land O' Lakes] to NFPT." (Am. Compl. ¶ 8.) Schuh supports this allegation with affidavits. (Hodgkiss Aff. ¶¶ 2-4, Exs. A-C; Schuh Aff. ¶¶ 2-4, Exs. A-C.) Land O' Lakes vigorously disputes the allegation that it delegated any duties under the contract to NFPT. A motion for leave to amend, however, is not the proper place to resolve this dispute. Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." This means that, absent undue delay or prejudice to the defendant (which Land O' Lakes does not assert) the court

should allow an amended complaint that could survive a motion to dismiss–which Schuh's amended complaint clearly could. Accordingly, the court will permit filing of the amended complaint.

Schuh has also moved to remand this case to state court. While Schuh does not state the basis of its motion (other than citing 28 U.S.C. § 1447(c)[1]), its contention must be that joinder of NFPT will deprive this court of subject matter jurisdiction under 28 U.S.C. § 1332. Joinder of NFPT will not, however, destroy diversity. NFPT is an LLC whose sole member is Land O' Lakes, a Minnesota corporation with its principal place of business in Minnesota. (Nordtvedt Aff. ¶ 2; Notice of Removal ¶ 6.) An LLC has the same citizenship for diversity purposes as its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Thus, NFPT is for diversity purposes a Minnesota citizen. Schuh is a Wisconsin citizen (Am. Compl. ¶ 1), the amount in controversy exceeds $100,000 (Notice of Removal ¶ 7), and this court accordingly retains diversity jurisdiction over the case.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to amend is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to remand is hereby **DENIED.**

Dated this  19th  day of May, 2005.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

---

[1] The statute requires that a motion to remand be made within thirty days of removal, unless the basis for the motion is lack of subject matter jurisdiction. Schuh's motion was filed thirty-six days after removal.