# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SCHUH HAULING, INC.,

      Plaintiff,

v.                                                Case No. 05-C-0268

LAND O' LAKES, INC., *et al.*,

      Defendants.

**ORDER**

Plaintiff Schuh Hauling, Inc., sued Defendant Land O' Lakes, Inc., for breach of contract in Outagamie County Circuit Court. Land O' Lakes subsequently removed the case to this court on the basis of diversity jurisdiction, *see* 28 U.S.C. § 1332, and filed a counterclaim seeking a declaratory judgment that Schuh had breached the contract between the parties and that Land O' Lakes had properly terminated the contract thereupon. Land O' Lakes also sought indemnification for its attorney's fees. Both parties filed motions for summary judgment at the close of discovery. On May 24, 2006, the court granted summary judgment in favor of Land O' Lakes on Schuh's claim for breach of contract and Land O' Lakes' declaratory judgment counterclaim. It granted summary judgment in favor of Schuh on Land O' Lakes' indemnification counterclaim. Both parties now claim entitlement to costs as "prevailing part[ies]" under Fed. R. Civ. P. 54(d)(1). For the following reasons, the court will award costs to Land O' Lakes and deny costs to Schuh.

An award of costs under Fed. R. Civ. P. 54(d)(1) is firmly committed to the district court's discretion. *Landau & Cleary Ltd. v. Hribar Trucking, Inc.*, 807 F.2d 91, 94 (7th Cir.1986). The court may award costs to whichever party prevails in "the substantial part of the litigation."

*Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble*, 924 F.2d 633, 641 (7th Cir.1991). As part of its breach-of-contract claim, Schuh claimed that it "ha[d] suffered and continue[d] to suffer losses of one thousand one hundred twenty nine and 39/100 dollars ($1,129.39) per day." (PPFOF ¶ 81.) Given that Land O' Lakes' alleged breach of contract occurred on September 23, 2004, Schuh's damages would have totaled $686,669.12 as of May 24, 2006. Land O' Lakes sought $39,868.75 on its counterclaim for indemnification. (Miesen Aff. (Docket #37) ¶ 4, Ex. K.) In light of the fact that Land O' Lakes prevailed on a claim over seventeen times as large as the counterclaim Schuh prevailed on, the court concludes that Land O' Lakes prevailed in the substantial part of the litigation and is entitled to costs. *Cf. O.K. Sand & Gravel, Inc. v. Martin Marietta Technologies, Inc.*, 36 F.3d 565 (7th Cir. 1994) (affirming award of costs to defendant that prevailed on plaintiff's $2.2 million claim, despite fact that plaintiff prevailed on $50,000 counterclaim).

Schuh objects that, even if Land O' Lakes is entitled to costs, the amount sought for the court reporter's fees is unreasonable. Land O' Lakes seeks $2,575.60 for the reporter's fees for the depositions of six of Schuh's witnesses.[1] The price per transcript page charged by the reporter at those depositions is nearly 30% higher than the price charged by the reporter that Schuh engaged for the depositions of Land O' Lakes' five witnesses.[2] Part of the reason for the cost difference may lie in the fact that Land O' Lakes used a reporter based in Minneapolis (where Land O' Lakes'

---

[1]Land O' Lakes also seeks $461.25 for condensed transcripts of the depositions of its own witnesses, $290.95 for photocopying expenses, and $250 for this court's filing fee, for a total of $3,577.80.

[2]Land O' Lakes' six deposition transcripts totaled approximately 400 pages. Schuh took five depositions, the transcripts for which totaled approximately 230 pages, for $1,172.85.

2

counsel has his offices), while Schuh used a reporter based in Appleton (where the depositions were taken).

"A district court should disallow costs that are unreasonable either because they are excessive in amount or because they should not have been incurred at all." *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 559 (7th Cir. 1999). The court declines to hold that Land O' Lakes out-of-town counsel's decision to retain an out-of-town court reporter from his own locality makes the reporter's higher fee excessive in amount. *Cf. Mathur v. Bd. of Trs. of Southern Ill. Univ.*, 317 F.3d 738, 744 (7th Cir. 2003) ("[I]f an out-of-town attorney has a higher hourly rate than local practitioners, district courts should defer to the out-of-town attorney's rate when calculating the lodestar amount, though if 'local attorneys could do as well, and there is no other reason to have them performed by the former, then the judge, in his discretion, might allow only an hourly rate which local attorneys would have charged for the same service.'") (quoting *Chrapliwy v. Uniroyal, Inc.*, 670 F.2d 760, 768 (7th Cir.1982)). Land O' Lakes' counsel states by affidavit that he has taken over one hundred depositions in the Midwest and that the fees charged by the reporter engaged by Land O' Lakes for the depositions in this case are comparable to the fees charged by other reporters in the region. (Miesen Aff. (Docket #82) ¶ 3.) Counsel's desire to work with a familiar reporter whose fees he knows to be competitive within the region provides sufficient justification for his choice of reporters here.

**IT IS THEREFORE ORDERED** that the clerk of court shall tax costs in the amount of $3,577.80 for Defendant Land O' Lakes, Inc. and against plaintiff Schuh Hauling, Inc.

Dated this   9th   day of August, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3